JUDGE FURMAN

15 CV 01962

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
CECILY MCMILLAN,                                )
                                                )
                    Plaintiff,                  )        **COMPLAINT**
                                                )
        -against-                               )        **JURY TRIAL DEMANDED**
                                                )
THE CITY OF NEW YORK; POLICE OFFICER            )
GRANTLEY BOVELL, Shield No. 17433;              )
POLICE OFFICER LISA WARING, Shield No.          )
02987; POLICE LIEUTENANT DANIEL                 )
ALBANO; POLICE DETECTIVE KENNETH                )
ODONNELL, Shield No. 7432; JOHN DOES;           )
and RICHARD ROES,                               )
                                                )
                    Defendants.                 )
------------------------------------------------------X

RECEIVED
MAR 16 2015
U.S.D.C. S.D. N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff CECILY MCMILLAN seeks relief

for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C.

Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth

Amendments.  Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable

relief, an award of costs and attorneys' fees, and such other and further relief as this court deems

equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including

its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

3.     In addition to the foregoing, the Plaintiff invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. §§2201, et seq., this being an action in which the Plaintiff seeks, in addition to monetary damages, appropriate declaratory and injunctive relief.

### JURY TRIAL DEMANDED

4.     Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

### VENUE

5.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

### PARTIES

6.     Plaintiff CECILY MCMILLAN was at all times relevant herein a resident of the State of New York.

7.     Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8.     Defendants POLICE OFFICER GRANTLEY BOVELL, POLICE OFFICER LISA WARING, POLICE LIEUTENANT DANIEL ALBANO, POLICE DETECTIVE

2

KENNETH ODONNELL, and JOHN DOES are and were at all times relevant herein duly

appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK

and/or the New York City Police Department (NYPD), a municipal agency of defendant THE

CITY OF NEW YORK. Defendants are and were at all times relevant herein acting under color

of state law in the course and scope of their duties and functions as officers, agents, servants, and

employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with

the power and authority vested in them by THE CITY OF NEW YORK and the New York City

Police Department, and were otherwise performing and engaging in conduct incidental to the

performance of their lawful functions in the course of their duties. Defendants POLICE

OFFICER GRANTLEY BOVELL, POLICE OFFICER LISA WARING, POLICE

LIEUTENANT DANIEL ALBANO, POLICE DETECTIVE KENNETH ODONNELL, and

JOHN DOES are sued individually.

    9.    Defendants POLICE LIEUTENANT DANIEL ALBANO, POLICE DETECTIVE

KENNETH ODONNELL, and RICHARD ROES are and were at all times relevant herein duly

appointed and acting supervisory officers, servants, employees and agents of THE CITY OF

NEW YORK and/or the New York City Police Department, responsible for the training,

retention, supervision, discipline and control of subordinate members of the police department

under their command. Defendants are and were at all times relevant herein acting under color of

state law in the course and scope of their duties and functions as supervisory officers, agents,

servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on

behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and

the New York City Police Department, and were otherwise performing and engaging in conduct

3

incidental to the performance of their lawful functions in the course of their duties.  POLICE

LIEUTENANT DANIEL ALBANO, POLICE DETECTIVE KENNETH ODONNELL, and

RICHARD ROES are sued individually.

## STATEMENT OF FACTS

10.     On the night of March 17-18, 2012, Plaintiff was present at Zuccotti Park (located

at Broadway and Liberty Streets), New York, NY.

11.     Zuccotti Park was during that time period a hub of activity for the Occupy Wall

Street (OWS) movement, and the night in question was the six-month anniversary celebration of

the occupation of the park.

12.     Plaintiff was an active participant in the OWS movement, but on this night - which

was also St. Patrick's day - she went to the park in order to rendezvous with a friend.

13.     Around 11:00 p.m. a large number of police officers began amassing around the

park.

14.     Police violently arrested numerous people in and around the park.

15.     As Plaintiff was exiting the park, Defendant POLICE OFFICER GRANTLEY

BOVELL - without identifying himself as a police officer - came up behind Plaintiff, reached

around her, grabbed her breast, and pulled her backward.

16.     Plaintiff was shocked, and did not know that Defendant BOVELL was a police

officer.

17.     In the course of Defendant BOVELL grabbing Plaintiff's breast and pulling her

backward, Plaintiff's elbow struck Defendant BOVELL in the face.

4

18.     Plaintiff was then violently assaulted, with wanton and excessive force, by Defendant BOVELL and a number of other JOHN DOES members of the NYPD.

19.     During the course of the assault meted out upon Plaintiff, her head suffered a severe blow or blows, causing her to black out for a short period of time.

20.     The assault also left Plaintiff bruised and battered in numerous locations on her body.

21.     Plaintiff has no memory of striking Defendant BOVELL with her elbow.

22.     Defendant BOVELL's own actions in grabbing Plaintiff caused Plaintiff to strike him with her elbow.

23.     Defendant BOVELL dragged Plaintiff to another area along the perimeter of the park, where a number of other arrestees had been concentrated.

24.     From there Plaintiff was brought onto a commandeered MTA bus that was being used by the police for transporting the arrestees.

25.     While on the bus Plaintiff suffered a seizure due to the violent assault that she had sustained.

26.     Plaintiff was then brought out of the bus and lain down on the pavement near the door of the bus.

27.     Plaintiff continued to seize, and convulse, on and off for a period of time while she was on the ground near the bus.

28.     Plaintiff was then brought across the street and lain on the sidewalk by the park, and continued to seize (including convulsing, retching, and collapsing) for another period of time at that location.

5

29.     While Plaintiff was seizing on the ground Defendants POLICE LIEUTENANT DANIEL ALBANO and POLICE DETECTIVE KENNETH ODONNELL, and a number of JOHN DOES, stood around and did nothing to assist her.

30.     Defendants POLICE LIEUTENANT DANIEL ALBANO and POLICE DETECTIVE KENNETH ODONNELL, and a number of JOHN DOES – despite being informed by people who were present that they were licensed Emergency Medical Technicians (EMTs) who wanted to come to Plaintiff's aid – did not allow these EMTs to render medical care to Plaintiff.

31.     Defendant POLICE OFFICER LISA WARING also did not allow these EMTs to render medical care to Plaintiff.

32.     After an inordinately long period of time an ambulance arrived at the scene, and EMTs who work for the City's fire department rendered medical care to Plaintiff, and put her in the ambulance.

33.     Plaintiff was then taken to New York-Presbyterian / Lower Manhattan Hospital (also known as Downtown Hospital) in police custody.

34.     From there Plaintiff was taken to and held in custody at the NYPD Midtown South Precinct, where her cellmates noticed, and complained to the police staff present, that Plaintiff looked terrible and kept passing in and out of consciousness.

35.     From the NYPD Midtown South Precinct Plaintiff was taken to Bellevue Hospital Center in police custody.

36.     From Bellevue Hospital Center Plaintiff was released back to NYPD custody.

37.     Plaintiff was eventually arraigned and released from custody.

6

38.     Plaintiff was charged with Assault in the Second Degree (a felony), and Obstruction of Governmental Administration in the Second Degree (a class A misdemeanor).

39.     Defendant WARING is the deponent on the Criminal Court Complaint that was lodged against Plaintiff, and states under penalty of perjury that she is informed by Defendant BOVELL that while Defendant BOVELL was escorting an individual who was under arrest for an unrelated offense out of 1 Liberty Plaza, Plaintiff approached Defendant BOVELL and struck Plaintiff BOVELL's face with her elbow, causing Defendant BOVELL to suffer swelling and bruising and substantial pain to his left eye.

40.     These allegations are false.

41.     As stated above, Plaintiff struck Defendant BOVELL with her elbow because he – without identifying himself as a police officer, and having no possible justification for sexually assaulting her – reached around her and grabbed her breast.

42.     Plaintiff was indicted on a single count of Assault in the Second Degree or about September 24, 2012 (the charge of Obstruction of Governmental Administration in the Second Degree was dismissed), and prosecuted through trial.

43.     Plaintiff was found guilty by a jury of Assault in the Second Degree.

44.     The judgment convicting Plaintiff of Assault in the Second Degree, and sentencing her to 90 days imprisonment followed by a 5 year term of probation, was entered in the New York County Criminal Term of the Supreme Court on May 19, 2014.

45.     The incarcerative portion of Plaintiff's sentence was served at Rikers Island in the custody of the New York City Department of Corrections.

46.     Plaintiff is presently appealing her conviction based on errors committed during the

7

conduct of her trial.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

47.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

48.     By their conduct and actions in seizing plaintiff, searching plaintiff, depriving

Plaintiff of her property, falsely arresting and imprisoning plaintiff, assaulting and battering

plaintiff, trespassing upon plaintiff, maliciously prosecuting plaintiff, abusing process against

plaintiff, denying proper medical care to plaintiff, violating rights to due process of plaintiff,

violating and retaliating for plaintiff's exercise of her rights to free speech and assembly, failing to

intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and

unconstitutional treatment she received at the hands of other defendants, defendants BOVELL,

WARING, ALBANO, ODONNELL, DOES and/or ROES, acting under color of law and without

lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless

disregard for the natural and probable consequences of their acts, caused injury and damage in

violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United

States Constitution, including its First, Fourth, and Fourteenth amendments.

49.     As a result of the foregoing unlawful conduct of the Defendant parties, individually

and collectively, plaintiff was deprived of her liberty and property, experienced injury, including

long term residual injury, pain and suffering, emotional injury, costs and expenses, and was

otherwise damaged and injured.

8

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

50.　　The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

51.　　By their conduct in failing to remedy the wrongs committed by their subordinates

and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants

ALBANO, ODONNELL and RICHARD ROES caused damage and injury in violation of

plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including

its First, Fourth, and Fourteenth amendments.

52.　　As a result of the foregoing unlawful conduct of the Defendant parties, individually

and collectively, plaintiff was deprived of her liberty and property, experienced injury, including

long term residual injury, pain and suffering, emotional injury, costs and expenses, and was

otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF DEFENDANT THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

53.　　The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

54.　　At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants had de facto policies,

practices, customs and usages which were a direct and proximate cause of the unconstitutional

conduct alleged herein.

9

55.     The unlawful conduct of the NYPD Officer defendants, individually and collectively, was propelled by the City's unconstitutional and unlawful policies, practices and customs, and the City's policies, practices, and customs were the direct and proximate cause of the injuries and damages caused by the individual Officers' unlawful conduct.

56.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

57.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

58.     At all times material to this complaint, the defendant CITY OF NEW YORK has been on continuing notice that officers and commanders of the New York City Police Department tolerate and encourage police to lie, and to otherwise act, to cover up the wrongful conduct of themselves and their fellow officers.  This can be shown with reference to the following cases:

a. <u>Ariza v. City of New York</u>, 1996 U.S. Dist. LEXIS 20250, 14 (E.D.N.Y. March 7, 1996) ["The [municipal] defendants concede, however, that the code exists to prevent other officers from reporting corruption or dishonesty by fellow officers.... [t]he principle behind the 'blue wall of silence' is that officers will suffer recrimination for breaking ranks and subjecting police conduct to public scrutiny."]

b. <u>White-Ruiz v. City of New York</u>, 1996 U.S. Dist. LEXIS 15571, 23 (S.D.N.Y. October 21, 1996) ["[P]laintiff offers sufficient evidence to permit a reasonable trier of fact to infer that the 'blue wall of silence' constitutes a custom or usage of the Department"]

c. <u>United States v. Rosario</u>, 237 F. Supp. 2d 242, 248 (E.D.N.Y. 2002) ["[Assistant U.S. Attorney] Palmer testified that while supervising the federal investigation into the Louima assault, she routinely confronted a 'blue wall of silence' erected by police officers and PBA officials intent on obstructing efforts to uncover the full truth about what had happened at the 70th precinct on August 9, 1997."]

d. <u>Barry v. New York City Police Dep't</u>, 2004 U.S. Dist. LEXIS 5951, 40-41 (S.D.N.Y. April 7, 2004) ["[P]laintiff's witnesses speak from firsthand experience about the blue wall of silence.... Plaintiff complains of acts that are of the precise nature as the customs and practices described in the [Mollen Commission] Report."

e. <u>Griffin v. City of New York et al.</u>, 10 Civ. 01824 (E.D.N.Y. 2010) [Plaintiff detective sues on pattern of retaliation following his reporting fellow detective to Internal Affairs, fellow officers cover for detective accused of misconduct, *see,*

11

e.g., at ¶35: "Internal Affairs conducted its investigation into [Detective] Plaintiff's

allegations [of misconduct] against [Detective] McCarthy. All of the material

witnesses failed to cooperate with the investigation by being less than truthful....

[a]s a result, the allegations made by Plaintiff against McCarthy were dismissed as

unsubstantiated."]

59.    At all times material to this complaint, the defendant THE CITY OF NEW YORK,

acting through its police department and through the individual defendants, had de facto policies,

practices, customs and/or usages of engaging in unconstitutional false arrests and related

malicious prosecutions, and in unconstitutional, violent, and overly aggressive actions toward

individuals perceived as being affiliated with the Occupy Wall Street movement. Such policies,

practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct

alleged herein.

60.    The existence of the aforesaid unconstitutional customs and practices, specifically

with regard to the use of excessive force, unlawful detention, interference with protected First

Amendment activity, retaliatory use of force, malicious prosecutions, abuse of process and

deprivation of liberty without due process of law against individuals apparently associated with

Occupy Wall Street, are further evidenced, *inter alia*, by the hundreds of incidents - including the

incident involving the Plaintiff herein, as set forth above - involving questionable arrests and uses

of force by NYPD officers against OWS protestors documented in the press and compiled by The

Global Justice Clinic at the New York University School of Law and the Walter Leitner

International Human Rights Clinic at the Leitner Center for International Law and Justice at

Fordham Law School in their publication entitled "Suppressing Protest: Human Rights Violations

12

in the U.S. Response to Occupy Wall Street," published July 25, 2012, *available online at*

http://www.documentcloud.org/documents/403969-suppressing-protest.html (last visited March

13, 2014).

61.     Numerous civil rights cases have also been filed in this district (most pending, and

some settled or resolved by accepted Rule 68 Offer – information concerning amounts provided

as available) arising out of allegations of, *inter alia*, false arrest and excessive force that occurred

in relation to OWS.  Some of these cases are (information last updated on March 13, 2014):

- Schrader v. City of New York, et al., 13 Civ. 1995 (HB) (settled for $82,500);

- Schmidt v. City of New York, et al., 13 Civ. 961 (DLC) (accepted Rule 68 Offer of $15,002, plus payment of $18,000 in attorneys' fees and costs);

- Fields and McKeown v. City of New York, et al., 13 Civ. 8819 (JGK) (pending);

- Eric-John Russell v. City of New York, et al., 13 Civ. 9047 (ALC) (pending);

- Alexander Penley v. City of New York, et al., 14 Civ. 1577 (JGK) (pending);

- Rodriguez et al. v. Winski et al., 12 Civ. 3389 (NRB) (pending);

- Damien Crisp v. City of New York, et al., 12 Civ. 5842 (RWS) (pending);

- Kelly Hanlin v. City of New York, et al., 12 Civ. 5844 (RWS) (pending);

- Julie Lawler v. City of New York, et al., 12 Civ. 5843 (RWS) (pending);

- Phoebe Berg, et al v. City of New York, et al., 12 Civ. 3391 (TPG) (pending);

- Moira Meltzer-Cohen v. City of New York, et al., 14 Civ. 516 (SAS) (pending);

- Amanda Clarke v. City of New York, et al., 13 Civ. 5303 (RWS) (pending);

- Rhiannon Ball v. City of New York, et al.; 13 Civ. 5563 (RWS) (pending);

- Gabriel Brown v. City of New York, et al., 13 Civ 2058 (NRB) (settled for $15,000);

- <u>Damian Treffs v. City of New York, et al.</u>, 12 Civ. 3030 (HB) (settled for $27,500);

- <u>Friesdat v. The City of New York et al.</u>, 14 Civ. 625 (JGK) (pending);

- <u>Jimenez v. The City Of New York , et al.</u>, 14 Civ. 413 (RA) (pending);

- <u>Shamir v. The City of New York et al.</u>, 13 Civ. 5652 (CM) (pending);

- <u>Adsluf v. The City of New York, et al.</u>, 13 Civ. 2295 (LGS) (settled for $40,000);

- <u>Perloff v. The City of New York, et al.</u>, 13 Civ. 4175 (KBF) (pending);

- <u>Garcia v Bloomberg, et al.</u>, 11 Civ. 6957 (JSR) (pending);

- <u>Elliot, et al. v. City of New York, et al.</u>, 12 Civ. 992 (RWS);

- <u>Schomburg v. Bologna, et al.</u>, 12 Civ. 7161 (RWS);

- <u>Dierken, et al. v. City of New York, et al.</u>, (RWS) (pending);

- <u>Dedrick v. City of New York, et al.</u>, 12 Civ. 7165 (RWS);

- <u>Sterling, et al. v. City of New York, et al.</u>, 12 Civ. 7086 (RWS);

- <u>Clarke, et al. v. City of New York, et al.</u>, 13 Civ. 5303 (RWS);

- <u>Ball v. City of New York, et al.</u>, 13 Civ. 5563 (RWS);

- <u>Brown v. City of New York et al.</u>, 13 Civ. 1018 (KAF) (pending);

- <u>Bogart v. City of New York et al.</u>, 13 Civ. 1017 (NRB) (pending);

- <u>Boss v. City of New York, et al.</u>, 12 Civ. 8728 (GBD) (settled);

- <u>Global Revolution TV, et al. v. City of New York, et al.</u>, 12 Civ. 5086 (GBD) (settled);

- <u>Iskender v. City of New York, et al.</u>, 13 Civ. 2899 (RA) (settled);

- <u>Peat, et al. v. City of New York, et al.</u>, 12 Civ. 8230 (SAS) (settled);

14

- Arce v. City of New York, et al., 13 Civ. 8486 (PKC) (settled);

- Laugier v. City of New York, et al., 13 Civ. 6171 (HB) (pending);

- Jefferson Meighan v. City of New York, et al., 12 Civ. 7929 (AKH) (settled);

- Pluma v. City of New York, et al., 13 Civ. 2017 (TPG) (pending);

- Ross, et al. v. City of New York, et al., 13 Civ. 5012 (VSB) (settled);

- Stoeckley, et al. v. City of New York, et al., 13 Civ. 6173 (VSB) (pending);

- Time's Up, Inc., et al. v. City of New York, et al., 13 Civ. 1081 (GBD) (settled);

- Wiles v. City of New York, et al., 13 Civ. 2898 (HB) (pending);

- Rechtschaffer v. City of New York, et al., 13 Civ. 0709 (JPO) (settled);

- Adona v. City of New York, et al., 12 Civ. 7458 (HB) (accepted Rule 68 Offer of $25,001, plus payment of $35,000 in attorneys' fees and costs);

- Tardif v. New York et al., 13 Civ. 4056 (LTS) (pending);

- Occupy Wall Street, et al. v. City of New York, et al., 12 Civ. 4129 (GBD) (settled for $47,000, plus $186,349.58 in attorneys' fees and costs);

- Carpenter, et al. v. City of New York, et al., 11 Civ. 8414 (GHW) (pending);

- Caravalho, et al. v. City of New York, et al., 13 Civ. 4174 (PKC) (pending);

62.     As a result of the foregoing unlawful conduct of the Defendant parties, individually and collectively, plaintiff was deprived of her liberty and property, experienced injury, including long term residual injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

63.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

64.     If the City of New York elects to represents its Police Officers, the City of New

York uniformly and as a matter of policy and practice indemnifies the Officers for any award of

both punitive damages and compensatory damages and pays the settlements of any such litigations

[for its Officers] and incurs the costs incurred in defending said litigations [without contributions

from the Officers].

65.     In return, the Officers are required to cooperate with the City's attorneys and, in

substance, to subordinate any interests to those of the City of New York in the context of the

litigation.

66.     The subordination of the individual Officers' interest to the City's interest is

memorialized in the representation and indemnification agreement letter/retainer which the

individual Officers are required to sign as a predicate to the representation.

67.     The named individual Defendants are employees and agents of the City of New

York and their conduct, as described, was taken in the course of their duties and functions as New

York City Police Officers and Command Officers therein and, in their capacities as such, as an

agent and employee of the City of New York.

68.     Their actions and conduct, while unlawful and unconstitutional, nonetheless were actions and conduct taken pursuant to the otherwise lawful performance of their duties and functions as agents and employees of the City of New York.

69.     The Plaintiff is entitled to recover against the City of New York for the conduct of its named and unnamed Officers under the federal claim jurisdiction pursuant to the doctrine of respondeat superior.

70.     In addition to the Monell municipal policy liability claim that is asserted in the litigation, and the City's liability pursuant to the doctrine of respondeat superior for the unconstitutional conduct of its employee officers, the Plaintiff is also seeking relief against the City, as the real party in interest under federal claim jurisdiction and as an independently standing alternative to Monell municipal policy liability.

71.     As a result of the foregoing unlawful conduct of the Defendant parties, individually and collectively, plaintiff was deprived of her liberty and property, experienced injury, including long term residual injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

      a. Compensatory damages;

      b. Punitive damages;

      c. The convening and empaneling of a jury to consider the merits of the claims herein;

      d. Costs and interest and attorney's fees;

      e. Declaratory and injunctive relief as such is required to make the Plaintiff whole and which is otherwise in the interest of justice including, but not limited, injunctive relief requiring that the Defendant City of New York undertake to discipline the Officers whose conduct was found to be unconstitutional and unlawful, and including but not limited to affirmative injunctive relief requiring that the individual Defendant Officers be trained in various aspects of policing implicated by their unlawful acts and omissions herein and that the Defendant City affirmatively undertake efforts to issue new guidelines and training designed to remedy its unlawful policies, practices and customs implicated by its unlawful conduct herein;

      f. Such other and further relief as this court may deem appropriate and equitable.

18

Dated:      New York, New York
            March 16, 2015

                                    _____
                                    JEFFREY A. ROTHMAN, Esq.
                                    315 Broadway, Suite 200
                                    New York, New York 10007
                                    (212) 227-2980

                                    JAMES I. MEYERSON, Esq.
                                    1065 Avenue of the Americas - Suite 300
                                    New York, NY 10018
                                    (212) 344-7474 x 129

                                    Attorneys for Plaintiff